IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MBULU MAHKI JOHNSON,<br><br>      Petitioner,<br><br>  vs.<br><br>TINA HORNBEAK,[1] Warden, Valley State Prison for Women,<br><br>      Respondent. | No. 2:05-cv-01922-JKS<br><br>MEMORANDUM DECISION |

  Petitioner Mbulu Mahki Johnson, a state prisoner proceeding *pro se*, initiated a petition for habeas corpus relief under 28 U.S.C. § 2254. Johnson is currently incarcerated at the Valley State Prison for Women in Chowchilla, California. Respondent has answered the petition. Johnson has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

  On January 25, 2000, an amended information was filed in the Sacramento County Superior Court charging Johnson with the murder of Christie Young.[2] The circumstances leading up to the charge are as follows. Johnson and Young were involved in a romantic relationship.[3] On or about September 5, 1999, after leaving a nightclub together in Young's vehicle, the pair began to argue.[4] They continued to argue while Young, the passenger, exited the vehicle and

---

[1] Tina Hornbeak, Warden, Valley State Prison for Women, is substituted for Gloria Henry, Warden. Fed. R. Civ. P. 25(d).

[2] Lodged Doc. 14 (Clerk's Transcript, Vol. I), p. 14.

[3] *Id.* at 200-01.

[4] *Id.* at 152.

began to walk down the sidewalk.[5]  Young had walked approximately five feet when Johnson drove the car up onto the sidewalk, striking Young.[6]  Young's body landed in the street.[7]  Johnson then made a U-turn and ran over Young a second time.[8]

Johnson was convicted after a jury trial in the Superior Court of California, County of Sacramento, of one count of second degree murder (California Penal Code § 187(a)).  On May 16, 2001, Johnson was sentenced to an indeterminate term of 30 years to life with possibility of parole.

Johnson timely appealed her conviction to the Court of Appeal, Third Appellate District, which modified the judgment and affirmed the conviction.[9]  The California Court of Appeal denied Johnson's Petition for Rehearing on April 7, 2003,[10] and the Supreme Court of California denied her Petition for Review on May 21, 2003.[11]

On February 4, 2004, Johnson filed a Petition for Writ of Habeas Corpus in the Sacramento County Superior Court, which was denied on March 22, 2004.[12]  On June 9, 2004, Johnson filed a Petition for Writ of Habeas Corpus in the California Supreme Court.[13]  The court

---

[5] *Id.* at 72-74, 111-13, 163.

[6] *Id.* at 74-76, 115-16, 167-68, 194-95.

[7] *Id.* at 76.

[8] *Id.* at 14, 80, 118, 171, 194-95.

[9] Lodged Doc. 4, pp. 19-20.  The appellate court modified the judgment to provide for booking and jail classification fees and to provide for a Cal. Penal Code § 654 stay of a four-year sentence for an assault offense that was based on the same facts as the murder charge, which the trial court had ordered was to run concurrent with the sentence in the murder case.

[10] Lodged Doc. 6.

[11] Lodged Doc. 8.

[12] Lodged Docs. 9 and 10.

[13] Lodged Doc. 11.

denied her petition on April 27, 2005.[14]  Johnson timely filed her petition for relief in this Court on September 22, 2005.[15]

## II.  GROUNDS PRESENTED/DEFENSES

In her petition Johnson raises four grounds:  (1) ineffective assistance of counsel; (2) failure of the trial court to instruct the jury on manslaughter; (3) denial by trial counsel of her right to testify at trial; and (4) failure of trial counsel to present a "battered woman" defense. Respondent asserts as its only affirmative defense that Ground 1 is unexhausted.[16]

## III.  STANDARD OF REVIEW

Because Johnson filed her petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decisions of the California courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[17]  As the Supreme Court has explained, "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[18]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[19]

---

[14] Lodged Doc. 12.

[15] Docket No. 2.

[16] *See* Rules—Section 2254 Cases, Rule 5(b).

[17] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[18] *Williams*, 529 U.S. at 412.

[19] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*,
(continued...)

When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[20] The Supreme Court has made it clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[21] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[22] In applying this standard, this Court reviews the last reasoned decision by the state court.[23] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[24]

## IV.  DISCUSSION

As a preliminary matter, the Court notes that Johnson did not file a traverse to the Respondent's Answer to Petition for Writ of Habeas Corpus.  Thus, the Court must accept the Respondent's allegations as true.  28 U.S.C. § 2248 provides:

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

---

[19](...continued)
552 U.S. 120, ___, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[20] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal quotation marks and citations omitted).

[21] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[22] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[23] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[24] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Under § 2248, where there is no denial of the respondent's allegations in the answer, or the denial is merely formal, unsupported by an evidentiary basis, the court must accept the respondent's allegations.[25] Where a petitioner has not disputed a contention in the response and it does not appear from the record before the court that the contention is erroneous, the court may accept that contention.[26]

### Ground 1:  Ineffective Assistance of Counsel:

In her petition for writ of habeas corpus to this Court, Johnson asserts that she was denied the effective assistance of counsel.  In particular, she alleges that trial counsel failed to (1) "fully explain" what was occurring in the case, (2) "keep [her] informed," and (3) "properly investigate," and further, that counsel improperly allowed the prosecution to change "their key witnesses [sic] testimony."[27] The Respondent argues that the allegations set out in Ground 1 are unexhausted because they cannot be identified in either Johnson's Petition for Review[28] or the petition for writ of habeas corpus filed in the California Supreme Court.[29] The Court disagrees.

Exhaustion of state remedies requires a petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[30] A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim:  (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim.[31] A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to

---

[25] *See Carlson v. Landon*, 342 U.S. 524, 529 (1952).

[26] *Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

[27] Docket No. 2, p. 4.

[28] Lodged Doc. 7.

[29] Lodged Doc. 11.

[30] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[31] *See* 28 U.S.C. § 2254(e); *Weaver v. Thompson,* 197 F.3d 359, 364 (9th Cir. 1999).

fairly present the legal basis of the claim.[32]  In the Ninth Circuit, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal Constitution or statutes, or citing to federal case law.[33]  Mere similarity of claims between a state law claim and a federal law claim is insufficient for exhaustion purposes.[34]  In order to present the substance of a claim to a state court, the petitioner must reference a specific federal constitutional provision as well as a statement of facts that entitle the petitioner to relief.[35]  If a petitioner cites a state case that analyzes a federal constitutional issue, that federal issue is fairly presented.[36]  The required level of explicitness is the same for *pro se* petitioners and petitioners who are represented by counsel.[37]

In her habeas petitions to both the California Superior Court and the California Supreme Court, Johnson alleged "ineffectiveness of counsel at trial, denying Petitioner the right to effective assistance of counsel as . . . guaranteed by the U.S. Constitution and the Fifth [sic] Amendment."[38]  In support of her claim, Johnson alleged a "lack of communication" by trial counsel and a failure of trial counsel to "fully inform[] Petitioner."  Johnson cited *Strickland v. Washington*, 466 U.S. 688 [sic] (1984), as supporting authority.[39]  Thus, as to Johnson's general claim of ineffective assistance of counsel, and her specific allegations of lack of communication and failure to fully inform, that claim was fairly presented to the state courts, and it was properly exhausted.

---

[32] *Duncan,* 513 U.S. at 365-66.

[33] *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir. 2000), *amended and superceded by Lyons v. Crawford*, 247 F.3d 904 (9th Cir. 2001).

[34] *Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir. 1996).

[35] *Gray v. Netherland,* 518 U.S. 152, 162–63 (1996).

[36] *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir. 2003).

[37] *Lyons,* 232 F.3d at 669.

[38] Lodged Doc. 9, p. 4; Lodged Doc. 11, p. 4.  The correct constitutional provision is the Sixth Amendment.  It is within this Court's discretion to treat the error as a scrivener's error.

[39] Lodged Doc. 9, p. 4; Lodged Doc. 11, p. 4.

In denying Johnson's petition, the California Superior Court found that Johnson's claim of ineffective assistance of trial counsel was procedurally barred. The court explained that while ineffective assistance of counsel claims normally rely on evidence outside the record, and thus are not procedurally barred from collateral review if not raised on direct appeal, Johnson had submitted a letter to the trial court in which she outlined "evidence" supporting her ineffective assistance of counsel claims. That letter was part of Johnson's motion for a new trial, it became part of the record on appeal, the prosecutor opposed the motion, and the claims were addressed on the record. The court concluded that because Johnson's claims of ineffective assistance of counsel could have been raised on appeal, but were not, they were procedurally barred by *In re Dixon* (1953) 41 Cal.2d 756, 759.[40]

When there is no state court decision denying on the merits an issue presented to the state court and raised in a federal habeas petition, this Court must assume that the state court decided on the merits all of the issues presented to it and perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[41] The scope of this review is for clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams*. . . . Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law. Only by that examination may we determine whether the state court's decision was objectively reasonable.[42]

---

[40] Lodged Doc. 10. Respondent has not raised procedural bar as a defense; accordingly, it is waived. *See* Rules—Section 2254 Cases, Rule 5(b); *Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003).

[41] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

[42] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

"[A]lthough we independently review the record, we still defer to the state court's ultimate decision."[43]  The Court examines the merits of the petition through that lens.

Under *Strickland v. Washington*, to demonstrate ineffective assistance of counsel, Johnson must show both that her counsel's performance was deficient and that the deficient performance prejudiced her defense.[44]  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[45]  Johnson must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[46]  In evaluating an ineffective assistance of counsel claim, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[47]  *Strickland* and its progeny do not mandate this court act as a "Monday morning quarterback" in reviewing tactical decisions.[48]  Indeed, the Supreme Court admonished in *Strickland*:[49]

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the

---

[43] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

[44] *Strickland*, 466 U.S. 668, 687 (1984).

[45] *Id.*

[46] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[47] *Strickland*, 466 U.S. at 697.

[48] *See Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

[49] 466 U.S. at 689 (internal citations and quotation marks omitted).

> circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

This Court must therefore determine whether the California court's assumed decision on the merits unreasonably applied *Strickland*.

Here, Johnson states that trial counsel failed to "fully explain" what was occurring in the case and "keep [her] informed." While a defense counsel has a duty to "consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution,"[50] the issue is whether counsel's alleged deficiencies "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[51] Johnson has failed to demonstrate that in the absence of counsel's alleged deficiencies the result would have been different. First, her allegations are conclusory.[52] She provides no specific facts as to decisions and/or developments counsel failed to inform her of, and she does not explain how she was prejudiced by counsel's alleged deficiencies. Second, even if counsel had maintained constant contact with Johnson and informed her of every detail, given the overwhelming evidence presented against her at trial no reasonable probability exists that the result would have been different.

Unlike Johnson's claim that trial counsel failed to "fully explain" and "keep [her] informed," her claim that she was denied ineffective assistance of counsel on the grounds that trial counsel failed to "properly investigate"[53] was not fairly presented to the state courts either on direct appeal or in her petitions for habeas relief to the state courts. Accordingly, to the extent the state courts were denied the opportunity to consider this allegation as it relates to her ineffective assistance of counsel claim, the claim is unexhausted.

---

[50] *Id.* at 688.

[51] *Id.* at 686.

[52] *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (habeas relief not warranted where conclusory allegations unsupported by specific facts).

[53] Docket No. 1, p. 4.

The failure to exhaust notwithstanding, this Court may deny a habeas claim on the merits when it is clear that the petition does not raise a colorable federal claim.[54]  "[A] federal court's ability to deny relief under § 2254(b)(2) [is limited] to circumstances in which it is perfectly clear that the petitioner has no hope of prevailing."[55]  To prevail, Johnson would have to show that, by failing to investigate, counsel's performance was deficient and the deficient performance prejudiced her defense.[56]  As noted, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[57]

Johnson makes the bare assertion that counsel "failed to properly investigate this case."[58] Johnson fails to support her contention with any references to the record, offers no potential witnesses whom counsel should have contacted, and lists no records, files or data that a "proper" investigation would have revealed.  Consequently, how counsel failed to make a "proper investigation" is not clear.   Under *Strickland*, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."[59]  A review of the record in this case reveals that, in an effort to establish heat of passion, counsel presented lay witness testimony as to the history of physical abuse suffered by Johnson.  Counsel also elicited expert testimony not only as to such physical abuse, but also as to Johnson's history of substance abuse and psychological problems.  Such testimony demonstrates that counsel did in fact conduct an investigation.  In light of the overwhelming nature of the evidence presented against Johnson at trial, the result obtained by counsel (i.e., a finding of not guilty of first degree murder), and viewing counsel's performance through the highly deferential lens required by *Strickland*, this Court cannot say that counsel's investigation was not reasonable.

---

[54] 28 U.S.C. § 2254(b)(2); *Cassett v. Stewart,* 406 F.3d 614, 624 (9th Cir. 2005).

[55] *Cassett*, 406 F.3d at 624.

[56] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[57] *Id.* at 686.

[58] *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (habeas relief not warranted where conclusory allegations are unsupported by specific facts).

[59] *Strickland v. Washington*,  466 U.S. 668, 691 (1984).

Finally, Johnson alleges that trial counsel rendered ineffective assistance of counsel because he "allowed the prosecution to change their key witnesses [sic] testimony." To the extent this allegation refers to trial counsel's agreement that a prosecution witness could modify her trial testimony to reflect that after the incident Johnson stated she wanted to go "party," rather than she wanted to go "get high," this issue was presented on direct appeal to the California Court of Appeal, Third Appellate District, which rejected the claim on the merits:

> Defense counsel stated on the record his tactical decision for stipulating to the modification of Caldwelll's testimony. Defense counsel decided that Caldwell's testimony that defendant left to get "high" introduced evidence that defendant planned to use controlled substances after the incident and that such evidence was more prejudicial to defendant than if Caldwell testified that defendant left to go "party." This was a reasonable tactical decision. Based on the evidence, we reject defendant's interpretation that "to party" meant that she did not care what she had done to Young. Caldwell testified that after defendant recounted the incident, Caldwell called the hospital looking for Young and defendant was still present. Later that night, an officer found defendant at the hospital sitting by Young's side. The officer opined that defendant did not appear intoxicated.
>
> In any event, defendant cannot demonstrate that she suffered any prejudice whatsoever from the modification of Caldwell's testimony in that there was overwhelming evidence of, at least, second degree murder.[60]

In rejecting Johnson's claim, the appellate court applied the standards enunciated in *Strickland* and concluded that trial counsel's strategic decision to modify the testimony was reasonable. This Court agrees. The record reflects that trial counsel made a tactical decision to agree to modify a witness' testimony and that the decision was reasonable. Even if such conduct fell outside the range of competence demanded of attorneys in criminal cases, Johnson's claim would still fail because she has not satisfied the second prong of the *Strickland* test, i.e., that counsel's deficient performance prejudiced her defense. The evidence adduced at trial clearly established that Johnson ran over the victim twice, first after swerving onto the sidewalk and then again after making a U-turn. Johnson did not call for emergency assistance, fled the scene, and hid the car in Oakland. Under these facts, even if trial counsel had not agreed to the modification

---

[60] Lodged Doc. 4, p. 17.

of Caldwell's testimony, there is no reasonable probability the result of the trial would have been different.

In short, Johnson has failed to demonstrate that counsel's performance was deficient or that, if deficient, the deficient performance prejudiced her defense. Accordingly, this Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Johnson is not entitled to relief under her first ground.

Ground 2: Failure of the Trial Court to Instruct the Jury on Manslaughter:

Petitioner contends that the trial court erred by failing to properly instruct the jury. The California Court of Appeal, Third District, rejected this claim on the merits,[61] and the Supreme Court of California denied review on direct appeal.[62] In habeas proceedings, the California Superior Court denied the petition on procedural grounds without reaching the merits, and the California Supreme Court denied the petition without reason or citation. As discussed above, because there is no reasoned decision addressing the merits, this Court independently reviews the issue on the record before it to determine if the state court decision is objectively unreasonable.

In her petition for federal habeas relief, Johnson argues that the jury should have been instructed on voluntary manslaughter as a lesser included offense. While it is true that due process and the Sixth Amendment to the Constitution require that a jury be correctly instructed as to every element of the crime with which a defendant is charged and convicted,[63] that is not the issue before this Court. The issue before this Court is whether due process requires that a jury in a criminal trial be instructed at all or correctly instructed as to all necessarily included lesser offenses. First, Supreme Court precedent does not require a trial court to instruct the jury on a

---

[61] Lodged Doc. 4, pp. 6-12.

[62] Lodged Doc. 8.

[63] *See United States v. Gaudin*, 515 U.S. 506, 522–23 (1995).

lesser included offense in a non-capital case.[64]  Second, the Ninth Circuit has concluded that such a claim is not cognizable on federal habeas review.[65]  It follows, *a fortiori*, that if a failure to instruct on lesser included charges does not present a federal issue, a failure to instruct on them correctly also does not present a federal issue.

Accordingly, this Court cannot say that the assumed decision of the state court applying controlling federal law was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision.[66]  Johnson is not entitled to relief under her second ground.

Ground 3:  Denial of the Right to Testify at Trial:

Johnson contends that trial counsel denied her the right to testify in her own defense at trial.  In denying her petition for state habeas corpus relief, the California Superior Court reasoned that to the extent this claim is part of petitioner's claim of ineffective assistance of counsel, it could have been raised on direct appeal.  Because it was not raised on direct appeal, it was procedurally barred under *In re Dixon*.[67]  Alternatively, the court held that even if it were to consider the claim on the merits, it would deny the petition because petitioner showed no evidence that she was denied the right to testify, either by defense counsel or the court, and her statements, which were vague, did not support her claim.  As noted, the California Supreme Court summarily denied Johnson's petition without reason or citation.

In the absence of a state court decision denying on the merits an issue presented to the state court and raised in a federal habeas petition, this Court must assume that the state court decided on the merits all of the issues presented to it, and determine whether the state court's

---

[64] *See Beck v. Alabama,* 447 U.S. 625, 638 (1980).

[65] *Solis v. Garcia,* 219 F.3d 922, 929 (9th Cir. 2000).  *See also* 28 U.S.C. § 2254(d)(1), and *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law.").

[66] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[67] 264 P.2d 513, 514-15 (Cal. 1953); *see* Lodged Doc. 10.

assumed decision was contrary to or involved an unreasonable application of Supreme Court holdings in effect at the time the state court rendered its decision.

As noted *supra* with respect to Johnson's first ground, *Strickland v. Washington* established the law governing the merits of a claim of ineffective assistance of counsel.[68] Under *Strickland*, a petitioner must show both that her counsel's performance was deficient and that the deficient performance prejudiced her defense.[69] The Court is not required to decide whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[70]

Johnson alleges that she was denied the right to testify by her counsel. But the record does not support this allegation. In fact, the trial transcript reflects that defense counsel informed the court as follows: "I've been informed this morning, that Ms. Johnson is not inclined to testify, which she certainly has a right to do. As she wishes, we join in that, and it's my understanding she does not wish to now."[71] Such a statement hardly supports the contention that counsel denied petitioner the right to testify. Johnson claims that had she been allowed to testify she would have testified to her extensive alcohol and drug abuse and long-term psychological problems. Testimony was in fact elicited as to these issues. Defense witness Dr. John Wicks, a clinical psychologist, testified to her history of alcohol and drug abuse, her history of physical and emotional abuse, and her psychological problems.[72] Johnson further claims that she would have testified to the physical abuse she suffered by the victim. Testimony as to such abuse was presented by defense witness Zelda Vinson,[73] defense counsel addressed the issue in his closing argument ("She's struck in the face, this person has wounded me before, the whole volatility of their relationship. . . .") and, as the Respondent correctly points out, the prosecutor conceded that

---

[68] 466 U.S. 668 (1984).

[69] *Id.* at 687.

[70] *Id.* at 697.

[71] Lodged Doc. 13, p. 280.

[72] *Id.* at 291, 293, 315.

[73] *Id.* at 262-63.

the victim hit Johnson in the face moments before Johnson ran her down.[74]  Thus, the matters Johnson claims she would have testified to were in fact presented to the jury, and Johnson's testimony on these issues may well have been cumulative.  This Court cannot say that advising a defendant not to testify, given its inherent pitfalls, was improper.  Finally, even if defense counsel improperly recommended that Johnson not testify, Johnson has failed to meet her burden under *Strickland* by showing a reasonable probability that the result of the trial would have been different had she testified.

Accordingly, this Court cannot say that the assumed decision of the state court applying controlling federal law was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision.[75]  Johnson is not entitled to relief under her third ground.

Ground 4:  Failure of Trial Counsel to Present Battered Woman Defense:

As ground four of her petition for habeas relief, Johnson claims that "[she is] a battered woman."[76]  She alleges that abuse she suffered at the hands of the victim was not presented at trial because trial counsel did not believe in the validity of battered women's syndrome.[77]  In essence, Johnson presents an additional ineffective assistance of counsel claim.  Although Johnson failed to raise the issue of battered women's syndrome in her petitions for habeas relief to the state courts, she did present it in her letter to the trial court as part of her motion for new trial, which was included in the record on appeal.  As such, like the claim of ineffective assistance of counsel raised in her habeas petition to the state superior court, the issue is procedurally barred because it could have been raised on direct appeal but was not.[78]

---

[74] *Id.* at 371, 404.

[75] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[76] Docket No. 2, p. 5.

[77] *Id.*

[78] *See Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir. 2003), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Accordingly, to the extent the issue of a battered women's defense is a part of Johnson's ineffective assistance of counsel claim that the California Superior Court denied on procedural grounds, this Court must assume that the state court decided on the merits all of the issues presented to it and determine whether its assumed decision was contrary to or involved an unreasonable application of U.S. Supreme Court holdings in effect at the time the state court rendered its decision.

As noted, ineffective assistance of counsel claims are governed by the standards set out in *Strickland*. The question is whether petitioner has shown that, by failing to present a battered woman's defense, trial counsel's performance was deficient and the deficient performance prejudiced her defense.[79] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[80] "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[81]

In California, evidence of battered women's syndrome is generally relevant in murder cases in one of two ways:

> First, it may be relevant to establish self-defense, i.e., that the defendant actually and reasonably believed in the need to defend against imminent death or serious bodily injury. (People v. Humphrey, supra, 13 Cal.4th at pp. 1082, 1086, 56 Cal.Rptr.2d 142, 921 P.2d 1.) Second, battered women's syndrome evidence may be relevant to establish "imperfect self-defense," i.e., that the defendant actually believed in the need to defend against imminent death or serious bodily injury, but the belief was objectively unreasonable. (Id. at p. 1082, 56 Cal.Rptr.2d 142, 921 P.2d 1; see People v. Aris, supra, 215 Cal.App.3d at p. 1185, 264 Cal.Rptr. 167.) In both versions of self-defense, battered women's syndrome evidence may be relevant to establish "defendant's actual, subjective perception that she was in

---

[79] *Strickland*, 466 U.S. at 687.

[80] *Id.* at 697.

[81] *Id.* at 686.

danger and that she had to kill her husband to avoid that danger." ( Id. at p. 1197, 264 Cal.Rptr. 167.)[82]

"The jury must consider defendant's situation and knowledge, which makes the evidence relevant, but the ultimate question is whether a reasonable *person*, not a reasonable battered woman, would believe in the need to kill to prevent imminent harm."[83] Significantly, "for either perfect or imperfect self-defense, the fear must be of imminent harm. Fear of future harm . . . will not suffice. The defendant's fear must be of *imminent* danger to life or great bodily injury."[84]

Respondent asserts that given the facts and circumstances of Johnson's criminal case, trial counsel had no basis for offering a battered women's defense. This Court agrees. Here, the victim was walking down a sidewalk, away from Johnson, when Johnson drove up onto the sidewalk and ran over her. Johnson then turned the car around and ran over her again. There was no evidence that the victim posed a threat of imminent danger to life or great bodily injury to Johnson when Johnson ran over her. Under these facts, it is unlikely a reasonable person would have believed that Johnson needed to kill to prevent imminent harm.

Because no grounds existed to present a defense of battered women's syndrome, any claim that trial counsel's performance was deficient for failing to raise such defense is without merit. Thus, this Court cannot say that the assumed decision of the state court was contrary to or involved an unreasonable application of Supreme Court holdings in effect at the time the state court rendered its decision. Johnson is not entitled to relief under her fourth ground.

## V.  CONCLUSION and ORDER

Johnson is not entitled to relief under any ground raised in the petition. Accordingly,

**IT IS HEREBY ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

---

[82] *People v. Erickson*, 67 Cal. Rptr. 2d. 740, 745 (Cal. App. 1997).

[83] *People v. Humphrey*, 921 P.2d 1, 9 (Cal. 1996) (emphasis in original).

[84] *Id.* at 6 (emphasis in original) (internal quotation marks omitted).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[85]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  See Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter judgment accordingly.

Dated: September 16,  2009.

    /s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[85] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).