IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MBULU MAHKI JOHNSON,<br><br>      Petitioner,<br><br>vs.<br><br>GLORIA HENRY, Warden<br><br>      Respondent. | Case No. 2:05-cv-01922 (JKS)<br><br>O R D E R<br>[Re: Motions at Docket Nos. 23, 24 and 25]. |

I.  MOTIONS PENDING

At Docket No. 21, Johnson has filed a Notice of Appeal.  At Docket No. 23, Johnson has filed a Request for Certificate of Appealability.  At Docket No. 24, Johnson has filed a Motion for Appointment of Counsel.  At Docket No. 25, Johnson has filed a Motion Evidentiary Hearing and Production of Discovery.

II.  BACKGROUND/ PRIOR PROCEEDINGS

On September 16, 2009 this Court denied Johnson's petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.[1]  In her petition Johnson raised four grounds: (1) ineffective assistance of counsel; (2) failure of the trial court to instruct the jury on manslaughter; (3) denial by trial counsel of her right to testify at trial; and (4) failure of trial counsel to present a "battered

---

[1] Docket No. 19.

woman" defense. This Court held that Johnson was not entitled to relief on any of these grounds.[2] This Court also declined to issue a Certificate of Appealability.[3]

Johnson has subsequently filed a Notice of Appeal and the three motions currently before this Court.[4]

### III. DISCUSSION

#### REQUEST FOR CERTIFICATE OF APPEALABILITY:

With respect to Johnson's Request for Certificate of Appealability, this Court has already declined to issue a Certificate of Appealability and therefore this issue has already been decided by this Court.[5] Johnson has not presented any argument that this determination was erroneous.

#### MOTION FOR AN EVIDENTIARY HEARING AND PRODUCTION OF DISCOVERY:

With respect to Johnson's Motion for an Evidentiary Hearing and Production of Discovery this Court has already found that each of her claims for habeas relief lacks substantive merit. This issue has been precluded as moot by this Court's Memorandum Disposition. Accordingly, an evidentiary hearing and the production of discovery are not warranted.[6]

---

[2] *See* Petition for Writ of Habeas Corpus.

[3] *See* Memorandum Decision.

[4] This Court acknowledges that Johnson has filed a Motion to Proceed in Forma Pauperis at Docket No. 22. This Court will stay ruling on this motion until the Court of Appeal rules on a Certificate of Appealability.

[5] *See* Petition for Writ of Habeas Corpus.

[6] 28 U.S.C. 2254 Rule- 6;  28 U.S.C. 2254 Rule- 8.

MOTION FOR APPOINTMENT OF COUNSEL:

With respect to Johnson's Motion for Appointment of Counsel, this Court does not feel that Johnson has identified a meritorious claim which would benefit from the appointment of counsel. In federal habeas cases, counsel may be appointed if discovery is authorized,[7] and must be appointed in any case in which a evidentiary hearing is held.[8] In all other instances, counsel may be appointed if "the court determines that the interests of justice so require."[9] Because this Court will decline to hold an evidentiary hearing and the production of discovery, counsel may only be "appointed if the interests of justice so require."[10] Upon review of the file, this Court does not find that the interests of justice require the appointment of counsel in this case. Johnson's Motion for Appointment of Counsel will be denied.

---

[7] Rules—Section 2254 Cases, Rule 6(a).

[8] Rules—Section 2254 Cases, Rule 8(c).

[9] 18 U.S.C. § 3006A(a)(2)(B); *cf. Coleman v. Thompson*, 501 U.S. 722, 755 (no right to counsel on habeas petition).

[10] *Id.*

IIII.   CONCLUSION and ORDER

**IT IS HEREBY ORDERED THAT** Johnson's Request for Certificate of Appeal at Docket No. 23 is **DENIED**. Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[11]

**IT IS FURTHER ORDERED THAT** Johnson's Motion for an Evidentiary Hearing and Production of Discovery at Docket No. 25 is **DENIED**.

**IT IS FURTHER ORDERED THAT** Johnson's Motion for Appointment of Counsel at Docket No. 24 is **DENIED** without prejudice. Johnson is free to renew this motion on appeal if the Court of Appeals grants a Certificate of Appealability.

Dated this 22nd day of October 2009.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

---

[11] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.